**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
OF MICHIGAN- SOUTHERN DIVISION**

| | |
|---|---|
| JESSICA ANN JACOBS, an individual | FILE NO.:     CV |
| Plaintiff, | HON.: |
| v | **COMPLAINT** |
| DEAUDRIE PERRY, individually, and S. R. BRADY, individually | |
| Defendants. | |

| | |
|---|---|
| WILLIAM F. PIPER, PLC<br>William F. Piper (P38636)<br>Attorney for Plaintiff<br>1611 W. Centre Street, Ste. 209<br>Portage, MI 49024<br>(269) 321-5008<br>(269) 321-5009 (facsimile)<br>wpiper@wpiperlaw.com | |

The plaintiff, Jessica Ann Jacobs, by and through her attorney William F. Piper, PLC, for her complaint, states as follows:

## JURISDICTIONAL ALLEGATIONS

1. The plaintiff Jessica Ann Jacobs is a white female who was born in 1985 and who lived in the County of Calhoun, State of Michigan, at all times relevant to this complaint, and she still lives there.

2. The defendants were police officers for the City of Battle Creek at all times relevant to this complaint.

3. The actions complained of occurred on and after June 1, 2019 in the City of Battle Creek, County of Calhoun, State of Michigan.

4. The actions complained of were committed by the defendants under color of state law but not under a legitimate exercise of governmental authority.

5. The claims in this lawsuit arise under 42 USC § 1983.

6. Jurisdiction arises under 28 USC § 1331 and 28 USC § 1343.

7. Certain of the claims alleged herein arise under the supplemental jurisdiction of this court to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

8. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-7 of this complaint.

9. On Labor Day, September 2, 2019, police officers arrived at Ms. Jacobs' residence at 234 Dundee Drive, Battle Creek, Michigan.

10. The officers told Ms. Jacob's roommate that they were looking for Ms. Jacobs.

11. Ms. Jacobs' roommate called out to Ms. Jacobs that officers were looking for her.

12. Ms. Jacobs voluntarily went with the officers to get processed at the jail for a misdemeanor larceny charge she had no understanding about, and about which she professed her innocence.

13. Ms. Jacobs was bonded out after spending about two hours in the Calhoun County jail.

14. The arrest was based on a report by a Joshua Lewis, who was born in 1992, to the defendant Perry, that a Jessica Jacobs has been with him and two other males on June 1, 2019, and

that that Jessica Jacobs had taken his wallet and had later tried to use his cards in the wallet.

15. Ms. Jessica Ann Jacobs has never met and does not know of any Joshua Lewis.

16. The defendant Perry did not apparently get a report from Mr. Lewis about the race, age, height, weight, or residence of the Jessica Jacobs in question.

17. Neither Officer Perry nor anyone else attempted to interview that Jessica Jacobs, because, apparently, she had a warrant out for her arrest, and she was not expected to cooperate.

18. Jessica Ann Jacobs had not, an any time before or after June 1, 2019, had a warrant out for her arrest, nor had she ever been arrested.

19. Nevertheless, the defendants Perry and Brady requested, to an assistant prosecuting attorney, that a misdemeanor complaint issue against Jessica Ann Jacobs for larceny under $200, despite that they knew or should have known that Jessica Ann Jacobs was not the person about which Mr. Lewis had complained.

20. During and after her wrongful arrest Ms. Jacobs suffered and has suffered severe emotional distress and financial losses, including monies spent to hire an attorney to defend her.

21. As a result of the arrest and numerous court appearances, Ms. Jacobs' professional life was interrupted, which caused her stress.

22. The defendants should have arrested instead Jessica Evelyeen-Mary Jacobs, who was born in 1994, and who resided in the City of Battle Creek, and whose physical build is much different from that of Jessica Ann Jacobs, or some other appropriate person with the common name Jessica Jacobs about whom Joshua Lewis had actually complained.

23. The prosecution dismissed the charges against Ms. Jacobs in December 2019 when all of the alleged witnesses against her did not appear in court.

## COUNT I – UNCONSTITUTIONAL ARREST AND PROSECUTION

24. The plaintiff restates and realleges as though fully set forth herein paragraphs 1- 23 of this complaint.

25. It is clearly established that a police officer cannot request charges against an individual that will result in that individual's arrest without probable cause for doing so, without violating the Fourth and Fourteenth Amendments to the Constitution of the United States.

26. In this case no objectively reasonable officer would have requested a charge of misdemeanor larceny against Jessica Ann Jacobs based only on the coincidence of the very common first and last name of the Jessica Jacobs complained about, without information on the age, race, height, weight, and residence of the Jessica Jacobs complained about, and knowing that the Jessica Jacobs complained about had an outstanding warrant for her arrest, while Jessica Ann Jacobs had no outstanding warrant for her arrest.

27. By acting as they did above, the defendants caused an unconstitutional arrest, stop, seizure and prosecution against Jessica Ann Jacobs.

28. The defendants could not reasonably have believed that their actions described above were within the constitutional limitations on their exercise of their authority under the Fourth and Fourteenth Amendments to the United State Constitution.

29. The actions described above of the defendants violated the clearly established rights of the plaintiff to be free from the unconstitutional conduct described above.

30. These claims are actionable under 42 U.S.C. §1983.

31. As a result of this unconstitutional conduct of the defendants the plaintiff Jessica Ann Jacobs has suffered and will continue to suffer a loss of money for her attorneys fees and other court associated costs, emotional distress, humiliation, embarrassment and damage to her

reputation.

**WHEREFORE**, the plaintiff requests a judgment against the defendants for whatever amount is sufficient to compensate her for her injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorney's fees under 42 USC § 1988, and any other relief this court deems fair and just.

## COUNT II – GROSS NEGLIGENCE

32. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-31 of this complaint.

33. The defendants caused a misdemeanor complaint to issue against Jessica Ann Jacobs and an arrest of her based only on the coincidence of her having the same common first and last name of the person Joshua Lewis had complained about, and knowing that the Jessica Jacobs complained about had an outstanding arrest warrant whereas Jessica Ann Jacobs did not.

34. The defendants here have acted with gross negligence defined in MCL 691.1407, defined as "conduct so reckless to demonstrate a substantial lack of concern for whether injury results".

35. As a result of the gross negligence of the defendants, the plaintiff has suffered and will continue to suffer the damages set forth above.

**WHEREFORE,** the plaintiff requests a judgement against the defendants for whatever amount is sufficient to compensate her for her injuries and damages past and future, plus all recoverable interest, costs, attorney's fees, and any other relief this court deemed fair and just.

DATED: April 27, 2020  WILLIAM F. PIPER, PLC

                By:   /s/ William F. Piper
                      William F. Piper (P38636)
                      Attorney for Plaintiff